PER CURIAM.
Woodrow and Glenna Pentecost, appellants, were sued by their neighbors, James and Ada Covan, who claimed that the Pentecosts were wrongfully in possession of a portion of their property. The Pentecosts answered contending that they own title to the lands in dispute under their deed. In a third-party complaint the Pentecosts allege that appellee, Lawyers Title Insurance Company (LTIC), which had insured title to their property, had wrongfully refused to defend their title in the Covans’ suit. The trial court granted summary final judgment to LTIC. We reverse.
An insurer is required to defend an insured “if the allegations in the complaint could bring the insured within the policy provisions of coverage.” Grissom v. Commercial Union Ins. Co., 610 So.2d 1299, 1307 (Fla. 1st DCA 1992). If the complaint alleges facts partially within and partially outside policy coverage, the insurer must still defend even if later facts show there is no coverage. Id. Here, the complaint and the documents in the record are sufficient to trigger LTIC’s obligations under the policy to defend this claim.
We do not address LTIC’s further contention that it did not insure title to the property under other theories such as adverse possession, prescriptive easement, or boundary by agreement, as the record does not reflect that the trial court addressed or ruled upon this issue.
*1104 REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and VAN NORTWICK, JJ., and COSTELLO, Associate Judge, concur.